# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                            **Case No. 3:23-CR-103**

JYAHMEER BOGGAN,              **District Judge Thomas M. Rose**

        Defendant.

## ENTRY AND ORDER DENYING GOVERNMENT'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE

This matter comes before the Court pursuant to 18 U.S.C. 3145 (a)(1). The United States, on October 31, 2023, filed an Appeal of the Order Setting Conditions of Release (Doc. No. 13) issued by Magistrate Judge Peter B. Silvain, Jr., wherein the Defendant, Jyahmeer Boggan, was released on an own recognizance bond with conditions (Doc. No. 11) that same day.

On or about October 24, 2023, Defendant Boggan was arrested by the Greene County ACE Task Force and Greene County Sheriff's Department while allegedly trying to purchase a vehicle from Germain Honda in Beavercreek, Ohio, with a stolen identity. Upon the Defendant allegedly completing the transaction, two (2) police officers approached Defendant Boggan identifying themselves. A struggle ensued wherein Defendant Boggan allegedly continued to fight with the officers. Defendant Boggan was eventually handcuffed, secured, and arrested. During the altercation both police officers were injured, requiring them to be treated by medics on scene. One of the officers was later removed to Soin Medical Center for further examination to include a CT scan.

Subsequently, a criminal complaint (Doc. No. 1) was issued on October 26, 2023, by Magistrate Judge Peter B. Silvain, Jr., finding probable cause that Defendant Boggan had committed two (2) counts of Assaulting, Resisting or Impeding Certain Officers or Employees. 18 U.S.C.111(a)(1). The Defendant was initially remanded into custody pending a detention hearing

which was held on October 31, 2023, by Magistrate Judge Silvain. At that time, Magistrate Judge

Silvain concurred with the recommendation of the United States Pretrial Services and ordered

Defendant Boggan released on certain conditions, to include Home Detention. It is this Order (Doc.

No. 11) that the United States has now appealed, requesting the Court revoke the Magistrate Judge's

Order because they assert, if not detained, there is a serious risk that Defendant Boggan will flee,

obstruct justice, or threaten, injure, or intimidate a prospective witness or juror pursuant to 18 U.S.C.

3142(f)(2)(A) & (B). In addition, following the Government's filing of their appeal, on November 14,

2023, the Grand Jury of the Southern District of Ohio returned a ten-count Indictment (Doc. No. 19)

against the Defendant, including charges of Fraud, Identity Theft, Aggravated Identity Theft, as well

as the offenses of Assaulting a Federal Officer and Assaulting Person Assisting Federal Officer, which

were the result of the October 24, 2023, altercation.

The Magistrate Judge's Order must now be reviewed by this Court *de novo*. *United States v*

*Marcum*, 953 F. Supp. 2d 877,880 (W.D. Tenn. 2013) *aff'd* (Nov.1, 2013). The Court must determine

if there is a condition or a combination of conditions that will reasonably assure Defendant's

appearance at required court appearances and will reasonably assure the safety of other persons and

the community if he is not detained pending trial. The burden of proof that is necessary to prove that

there is no such condition or combination of conditions is by a preponderance of the evidence for the

risk of flight and by clear and convincing evidence for safety to other persons and the community.

*United States v. Hinton,* 113 F. App'x 76 (6th Cir. 2004). These burdens of proof must be met by the

United States.

The Court having carefully reviewed the entire docket in this case, including the orders of the

Court, video recordings, pleadings of Counsel, and the Detention Hearing transcript of the October 31,

2023, held by Magistrate Judge Silvain (Doc. No. 16) would first look to the nature and circumstances

of the alleged offenses 18 U.S.C. 3142(g)(1). There can be no doubt after reviewing the evidence,

including the video of the altercation that the charges are serious, as are the other charges in the

Defendant's Indictment (Doc. No. 19). The Court would agree with the Government that the weight of the evidence against the Defendant appears to be significant. 18 U.S.C. 3142(g)(2).

When reviewing the Defendant's history, characteristics, and background the Court would note that in late 2021 and June of 2023, it appears Defendant has had prior contacts with law enforcement. In those instances, all charges were either dismissed or ignored, except for a fine being imposed for a failure to appear. There is also record of other failures to appear for driving under suspension and/or no license offenses. At this time, Defendant Boggan does have an active warrant in Hamilton County for charges of Failure to Comply and Obstructing Official Business; a body worn camera video of the alleged incident was reviewed by the Court (Doc. No. 20, Exhibit 2). Otherwise, it appears the Defendant has no prior convictions.

The Court understands that courts have never required a Defendant to have a prior criminal record before ordering detention. As held by the court in United States vs Rodriguez, 950 F.2d 85 (2nd.Cir. 1991), the case cited by the Government in which a defendant without a criminal record was still detained based on the seriousness of the case and the other factors of sentencing. In that case the Defendant, Rodriguez, was part of a drug conspiracy to distribute over 500 grams in cocaine, was introduced to an undercover agent as a hitman, and agreed to perform murder in exchange for one kilogram of cocaine. Based upon those specific facts, the Court of Appeals reversed the District Court's decision and in ordering detention, found there was a clear and convincing showing of dangerousness and that there was no condition or combination of conditions that would assure the safety of the community.

In this case, Defendant Boggan, has a minor criminal history, has no record of any prior violent offenses or allegations of violence. The only allegations of violence by the Defendant are part of the altercation in this case between Defendant Boggan and the two (2) arresting officers when he was confronted and taken into custody after allegedly committing the aggravated identity theft at Germain Honda in Beavercreek, Ohio. After reviewing the video of the interaction and considering Counsels'

arguments, the Court concludes that the Defendant's actions were wrong and violent, and the Defendant should have complied with the officers' direction. The Defendant's attempt to allegedly escape and the ensuing scuffle resulted in both officers receiving injuries to their heads and one to a shoulder when they were shoved against a metal beam, a metal door frame and thrown to the ground. Other than Counts 9 and 10 of the Indictment (Doc. No. 19), which arise from the interaction, the allegations against Defendant are nonviolent. Not minimizing the seriousness of the actions by the Defendant, there are no allegations that he possessed any weapon or overtly stuck, punched either officer. Therefore, the Court FINDS that with the Defendant having no prior convictions and other than the present allegations, no allegations of violence, the Government has failed to show by clear and convincing evidence of the Defendant's dangerousness and that there are no conditions or combination of conditions that could assure the safety of any other person or the community.

Although the Defendant has an active warrant, issued in August 2023, for allegations of failure to comply and obstructing official business in the Hamilton County Municipal Court and has failed to appear in court on traffic matters in the past (Doc. No. 19), he has never been subject to any conditions of supervision until Magistrate Judge Silvain' s Order (Doc. No. 11) which placed him on Home Detention following his arrest in late October 2023. Defendant Boggan is currently restricted to his residence at all times, except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits and court appearances. As reported by his Pretrial Officer, the Defendant has been compliant while on bond and no alleged violations have been reported. In addition, the Defendant is residing with his mother in the same house he has lived for ten (10) years and has no passport. He is employed and is attending school. The Court has found nothing in Defendant's past to indicate he has or would ever leave the community in which he has lived practically all his life. Therefore, the Court FINDS that the Government has failed to prove, by a preponderance of the evidence, that the Defendant poses a flight risk and there are no conditions or combinations of conditions that would reasonably assure the Defendant's appearance.

In conclusion, the Court FINDS that Magistrate Judge Peter B. Silvain Jr's Order Setting Conditions of Release (Doc. No. 11) does provide the conditions necessary to reasonably assure the safety of the community and the appearance of the Defendant. **IT IS THE ORDER OF THE COURT** Government's Appeal (Doc. No. 13) is DENIED and the Magistrate Judge's Order Setting Conditions of Release (Doc. No. 11) is AFFIRMED.

**IT IS SO ORDERED**.

Date: January 24, 2024

THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT